**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Nicholas Geist**,<br><br>Plaintiff,<br><br>v.<br><br>**Ajo Al's, L.L.C.**, an Arizona Limited Liability Company; **Dennis Dains and Jane Doe Dains**, a Married Couple; and **Daniel Dains and Jane Doe Dains II**,<br><br>Defendant. | No. _____<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Nicholas Geist ("Plaintiff"), sues the Defendants, Ajo Al's, L.L.C.; Dennis Dains and Jane Doe Dains; and Daniel Dains and Jane Doe Dains II (collectively, "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the Arizona Minimum Wage Act ("AMWA"), A.R.S. Title 23, Chapter 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S.

-1-

728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

6. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7. At all material times, Defendant Ajo Al's, L.L.C. was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Ajo Al's, L.L.C. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8. Defendant Ajo Al's, L.L.C. is an Arizona limited liability, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

9. Under the FLSA, Defendant Ajo Al's, L.L.C. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Ajo Al's, L.L.C. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Ajo Al's, L.L.C. is subject to liability under the FLSA.

10. Defendants Dennis Dains and Jane Doe Dains are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Dennis Dains and Jane Doe Dains are owners of Ajo Al's, L.L.C. and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

11. Under the FLSA, Defendants Dennis Dains and Jane Doe Dains are employers. The FLSA defines "employer" as any individual who acts directly or

DocuSign Envelope ID: 17FCA6B2-1966-4FEC-A566-35C39474D7C1

indirectly in the interest of an employer in relation to an employee.  Dennis Dains and Jane Doe Dains are owners of Defendant Ajo Al's, L.L.C.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Dennis Dains and Jane Doe Dains are subject to individual liability under the FLSA.

12. Defendants Daniel Dains and Jane Doe Dains II are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Daniel Dains and Jane Doe Dains II are owners of Ajo Al's, L.L.C. and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

13. Under the FLSA, Defendants Daniel Dains and Jane Doe Dains II are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Daniel Dains and Jane Doe Dains II are owners of Defendant Ajo Al's, L.L.C.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Daniel Dains and Jane Doe Dains II are subject to individual liability under the FLSA.

-4-

DocuSign Envelope ID: 17FCA6B2-1966-4FEC-A566-35C39474D7C1

14.

15. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Plaintiff was an "employee" of Defendants Ajo Al's, L.L.C.; Dennis Dains and Jane Doe Dains; and Daniel Dains and Jane Doe Dains II as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Ajo Al's, L.L.C.; Dennis Dains and Jane Doe Dains; and Daniel Dains and Jane Doe Dains II.

20. At all relevant times, Defendants Ajo Al's, L.L.C.; Dennis Dains and Jane Doe Dains; and Daniel Dains and Jane Doe Dains II were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

21. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Ajo Al's, L.L.C.; Dennis Dains and Jane Doe Dains; and Daniel Dains and Jane Doe Dains II.

22. At all relevant times, Plaintiff was an "employee" of Defendants Ajo Al's, L.L.C.; Dennis Dains and Jane Doe Dains; and Daniel Dains and Jane Doe Dains II as defined by A.R.S. § 23-362.

23. At all relevant times, Defendants Ajo Al's, L.L.C.; Dennis Dains and Jane Doe Dains; and Daniel Dains and Jane Doe Dains II were and continue to be "employers" as defined by A.R.S. § 23-362.

24. Defendants Ajo Al's, L.L.C.; Dennis Dains and Jane Doe Dains; and Daniel Dains and Jane Doe Dains II individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

25. Plaintiff, in his work for Defendants Ajo Al's, L.L.C.; Dennis Dains and Jane Doe Dains; and Daniel Dains and Jane Doe Dains II, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

26. At all relevant times, Plaintiff, in his work for Ajo Al's, L.L.C.; Dennis Dains and Jane Doe Dains; and Daniel Dains and Jane Doe Dains II, was engaged in commerce or the production of goods for commerce.

27. At all relevant times, Plaintiff, in his work for Defendants Ajo Al's, L.L.C.; Dennis Dains and Jane Doe Dains; and Daniel Dains and Jane Doe Dains II, was engaged in interstate commerce.

28. Plaintiff, in his work for Defendants Ajo Al's, L.L.C.; Dennis Dains and Jane Doe Dains; and Daniel Dains and Jane Doe Dains II, regularly handled goods produced or transported in interstate commerce.

### **NATURE OF THE CLAIM**

29. Defendants own and/or operate as Ajo Al's, an enterprise located in Maricopa County, Arizona.

30. Plaintiff was hired by Defendants as a server and bartender in or around October 2019 and worked for Defendants through approximately January 2021.

31. Defendants, in their sole discretion, agreed to pay Plaintiff $9.00 per hour for all hours he worked.

32. Plaintiff was generally paid by Defendants on a bi-weekly basis.

33. In or around September 2020, Plaintiff received a paycheck for approximately 70 hours' worth of work performed for Defendants.

34. Shortly thereafter, that paycheck was misplaced.

35. As a result of the misplacement, Plaintiff asked Defendant Daniel Dains to reissue the check.

36. Defendant Daniel Dains agreed to reissue the check; however, he never did so.

37. Weeks later, Plaintiff again asked Defendant Daniel Dains if he would reissue the paycheck, which Defendant Daniel Dains again agreed to do. However, he never did reissue the check.

38. Plaintiff discontinued working for Defendants in or around January 2021.

39. After leaving his employment, on or about February 9, 2021, Plaintiff once again asked Defendant Daniel Dains via text message to reissue the check. Thereafter, Defendant Daniel Dains ignored this text message and never responded.

40. To date, the check has not been reissued.

41. Plaintiff performed approximately 70 hours of work over the course of two workweeks for Defendants for which he has still not been compensated.

42. Despite performing approximately 70 hours of work for Defendants, Defendants did not pay Plaintiff any wages whatsoever for the biweekly pay period at issue.

43. As a result of Defendants' having willfully and improperly failed to compensate Plaintiff any wage whatsoever for any of the hours Plaintiff worked for Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

44. As a result of Defendants' having willfully and improperly failed to compensate Plaintiff any wage whatsoever for any of the hours Plaintiff worked for Defendants, Defendants violated 29 U.S.C. § 206(a).

45. As a result of Defendants' having willfully and improperly failed to compensate Plaintiff any wage whatsoever for any of the hours Plaintiff worked for Defendants, Defendants have violated the AMWA, A.R.S. § 23-363.

46. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

47. Defendants have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

48. Plaintiff is a covered employee within the meaning of the FLSA.

49. Plaintiff is a covered employee within the meaning of the AMWA.

50. Plaintiff was a non-exempt employee.

-8-

51. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

52. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

53. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants willfully and improperly failed to compensate Plaintiff any wage whatsoever for any of the hours Plaintiff worked for Defendants during the biweekly pay period at issue.

57. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff during the biweekly pay period at issue.

58.     Defendants' practice of willfully and improperly failing to compensate Plaintiff any wage whatsoever for any of the hours Plaintiff worked for Defendants during the biweekly pay period at issue violated the FLSA, 29 U.S.C. § 206(a).

59.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Nicholas Geist, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.  For the Court to declare and find that the Defendant committed one of more of the following acts:

   i.  Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

   ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.  For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.  For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants willfully and improperly failed to compensate Plaintiff any wage whatsoever for any of the hours Plaintiff worked for Defendants during the biweekly pay period at issue.

62. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff during the biweekly pay period at issue.

63. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate during the biweekly pay period at issue violates the AMWA, A.R.S. § 23-363.

64. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Nicholas Geist, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

 i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

-11-

   ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 27th Day of July, 2021.

          BENDAU & BENDAU PLLC

          By: /s/ *Christopher J. Bendau*
          Clifford P. Bendau, II
          Christopher J. Bendau
          *Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff, Nicholas Geist, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

DocuSigned by:

*[signature]*

8C3E8357BE974E3...

Nicholas Geist

-13-